UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>v.<br><br>EMERSON COLLEGE, et al.,<br><br>    Defendants. | C.A. No. 1:14-cv-14752 |

## PROTECTIVE ORDER

Discovery in this case may require the disclosure of documents and information regarded by the producing party as confidential, including student records subject to the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA"), and personnel, medical, proprietary, and financial information. Accordingly, it is ORDERED that the plaintiff, Jane Doe (the "Plaintiff"), and defendants Emerson College, Ronald Ludman, David Haden, Danielle Mastronardi, Kim Marcella, and Michael Arno (collectively, the "Defendants") shall be subject to the following terms and conditions with respect to the handling of documents and other discovery produced or exchanged by the Plaintiff and the Defendants (referred to individually as a "Party" and collectively as the Parties) and any non-parties to this action.

1. **Designation.** Any document, written testimony, tangible item or other information provided by a Party, which that Party contends contains confidential or proprietary information entitled to protection (the "Confidential Materials"), may be designated as "CONFIDENTIAL" at the discretion of the producing Party, and, except as permitted by further

order of this (or an appropriate appellate) Court, the Confidential Materials shall be received by counsel of record for the other Parties upon the terms and conditions of this Protective Order.

2. **Redaction of Records.** The Parties shall redact the names, social security numbers, addresses, and other personally identifiable information, from the education records of students currently or formerly enrolled at an educational institution from any documents marked "CONFIDENTIAL," except that the Parties shall not redact the name or personally identifiable information of the Plaintiff. The parties may use anonymous designations such as "Student A" when referring to students referenced in the Documents. The parties shall also redact the social security numbers, home addresses and home telephone numbers, personal email addresses, and medical record numbers of current or former Emerson employees from documents marked "CONFIDENTIAL."

3. **Designation of Confidential - Attorney Eyes Only.** Documents designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall not be subject to redaction. Counsel for any Party who receives a redacted record designated as "CONFIDENTIAL" may request an unredacted copy of the record designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY." Documents designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" may be disclosed only to the individuals designated in paragraph 7(a) of this Protective Order.

4. **How to Designate**. The Confidential Materials shall be designated in the following ways:

    (a) In the case of documents and the information contained therein, by placing on the document the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY."

    (b) In the case of interrogatory answers and the information contained therein, by placing on the cover sheet and pages containing the confidential information the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY."

  (c)  In the case of tangible items, by visibly marking the item "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY."

  (d)  In the case of Confidential Materials produced or furnished by an individual or entity during a deposition and/or in response to deposition subpoena, counsel for the Parties may designate, on the record, the portion of the deposition or response to deposition subpoena which the Party believes may contain confidential information. Deposition exhibits may, as necessary, also be marked as "CONFIDENTIAL" and designated as such on the record. A deponent who is not a Party to the litigation shall be furnished a copy of this Order before being examined upon potentially Confidential Materials, and receive instructions as set forth in paragraph 9.

  5. **Timing of Designations**. Each Party shall have thirty (30) days after receipt of a deposition transcript within which to inform the other Party to the action of those portions of the transcript to be designated as "CONFIDENTIAL," and must refer to specific page and line numbers. Except by agreement of the Parties or further order of the Court, the right to make such designations shall be waived unless made within the thirty (30) day period. Transcripts of testimony, portions thereof or Exhibits, containing Confidential Materials shall be filed only as described in paragraph 13 until further order of the Court.

  6. **Treatment of Confidential Materials**. All Confidential Materials shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner, either directly or indirectly, to any person not authorized to receive the information under the terms of paragraphs 7 and 8 of this Protective Order. The Parties are strictly prohibited from sharing Confidential Materials with any person not designated in paragraphs 7 and 8, including, but not limited to, members of the media, family members, friends, or other third parties.

  7. **Disclosure of Confidential Materials**. Except as permitted by further order of this Court, the disclosure of materials marked "CONFIDENTIAL," including summaries and

3

extracts thereof, shall be for the sole purpose of this litigation and in accordance with the remaining terms of this Protective Order, and shall be limited to disclosure to the following:

    (a)    the Parties' respective counsel of record and applicable in-house counsel, and the attorneys and staff who work with them on this litigation;

    (b)    court reporters and stenographers, insurance claims personnel for the Parties, and outside vendors used for copying, electronic discovery support, and similar services rendered in connection with the litigation;

    (c)    judges, law clerks and clerical personnel of the Court before which this litigation is pending;

    (d)    consultants or experts retained by the Parties or their counsel for assistance in this litigation, in accordance with the procedures set forth below in paragraph 9;

    (e)    each Party, and each Party's respective trustees, officers and employees (or former trustees, officers and employees if such were current trustees, officers and employees at the time of the allegations made in this litigation) as directed by the attorney for the Party, and

    (f)    persons and/or entities to whom disclosure of Confidential Materials is not otherwise permitted pursuant to this paragraph 7, who are deposed in this litigation.

8.    **Confidential Materials to Clients**. Counsel may discuss with their clients the substance of Confidential Materials and provide them copies thereof (except for materials marked "CONFIDENTIAL – ATTORNEY'S EYES ONLY") on the explicit condition that counsel advise their clients that (i) the information is subject to this Protective Order; (ii) the information may not be disclosed to anyone else, and (iii) the clients must comply with the procedures set forth in paragraph 9 of this Protective Order.

9.    **Informing Others of the Protective Order**. All individuals to whom Confidential Materials are to be disclosed shall be informed of the existence of this Protective Order, shall be provided with a copy of it, and shall be instructed that Confidential Materials or information may not be used other than in connection with this litigation and may not be disclosed to anyone other than those individuals contemplated by this Protective Order. Without

limiting the foregoing, the instruction must make clear that the recipient of Confidential Information: (i) understands that he/she is bound by the Protective Order and must comply fully with its terms; (ii) shall not disclose Confidential Materials to or discuss Confidential Materials with any person who is not authorized pursuant to the terms of this Protective Order to receive the disclosure thereof; (iii) shall not use Confidential Materials for any purposes other than for the purpose of this litigation; and (iv) is aware that contempt sanctions may be entered for violation of this Protective Order.

10. **Inadvertent Production Without Designating as Confidential**. If, through inadvertence, a producing Party provides any Confidential Materials pursuant to this litigation without marking them as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" the producing Party subsequently may inform the receiving Party of the confidential nature of the disclosure, and the receiving Party shall mark the Confidential Materials as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY," and treat them accordingly upon receipt of written notice from the producing Party.

11. **Use of Confidential Materials**. Notwithstanding paragraphs 1 through 10 above, Confidential Materials shall not be used or disclosed, directly or indirectly, for any purpose other than the prosecution or defense of this action.

12. **Disputes Concerning Designation**. Acceptance by a Party of Confidential Materials designated as "CONFIDENTIAL" shall not constitute a concession that the Confidential Materials were designated properly. Any Party may contest a claimed designation. If a receiving Party disagrees with the designation and marking by any producing Party of any material as "CONFIDENTIAL," the Parties shall first try to resolve such dispute on an informal basis by informing opposing counsel of the basis of the objection within thirty (30) business days

of the notification. If counsel cannot agree, the dispute may be presented to the Court by any Party by motion or otherwise, and the Confidential Materials shall retain their designated status until the matter is resolved. The burden of establishing confidentiality shall be on the Party who made the claim of confidentiality.

13. **Notification Regarding Use of Confidential Material at Hearing or Trial**. Nothing in this Agreement shall limit the use of any materials, including Confidential Materials, in any court proceeding or submission, subject to the terms herein. If a Party intends to file with the court clerk (except in open court at the trial or during any hearing in this litigation) any document or testimony that is subject to the protection of this Protective Order, that Party shall so notify counsel for the other Parties in writing no later than seven (7) days prior to the date of the intended submission, requesting their assent. If the Parties are not in agreement concerning the filing, the Party filing Confidential Materials shall file a motion for impoundment. Nothing in this paragraph prevents a Party from electing to file a motion for impoundment before filing with the court clerk any document or testimony that is subject to the protection of this Protective Order.

14. **Use of Confidential Material**. All objections as to admissibility or authenticity of the discovery material subject to this Protective Order are reserved until trial of this case. In the event that any Confidential Material is used in any Court proceeding in connection with this litigation, it shall not lose its confidential status through such use, and the Parties shall take all steps reasonably required to protect its confidentiality during such use. The use of Confidential Materials as evidence at the trial of this case shall be subject to a further order of the Court as, at the time, may be reasonably necessary to preserve the confidentiality of the material involved.

15. **Privilege and Work Product**. This Protective Order shall not prejudice the rights of any Party to oppose production of any discovery on other grounds, including, but not limited to, attorney-client privilege or work product. If, through inadvertence, a producing Party provides privileged information to the receiving Party, the producing Party may subsequently inform the receiving Party in writing of the privileged nature of the disclosed information, and the receiving Party shall promptly return the disclosed information and destroy all copies.

16. **Copies of Confidential Materials**. No copies of Confidential Materials in possession of a non-producing Party shall be made except by or on behalf of counsel of record in this case or those entitled to access to the Confidential Materials under paragraph 7 of this Protective Order, but only for the purposes of this litigation. Counsel of record shall ensure that all copies of Confidential Materials remain within their possession or the possession of those entitled to access to the Confidential Materials under paragraph 7 of this Protective Order.

17. **Return or Destruction of Confidential Materials**. At the conclusion of this litigation, including any appeals, all information designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to this Protective Order, and all copies thereof, exclusive of any materials that are in electronic form ("Electronically Stored Information"), shall be returned to the producing attorneys of record or, at the producing Party's option, destroyed by counsel for the receiving Party. Alternatively, each Party may certify in writing to the other that the materials have been destroyed. Counsel for the Parties to this litigation may retain their own work product, and may also retain a copy of all deposition transcripts and the exhibits thereto, provided they comply with the remaining terms of this Protective Order. The Parties will comply with the terms of any impoundment or other order related to the handling of Confidential Materials entered by the Court that takes precedence over

this Protective Order. Counsel of record (and their clients) in receipt of Electronically Stored Information designated "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" by the producing Party, shall remove the Electronically Stored Information from the active systems of their counsel (and their clients), including but not limited to email servers, active document management systems and active litigation support databases. Counsel of record will not be required to remove Electronically Stored Information from any back-up or disaster recovery systems or any source that is not reasonably accessible because of undue burden or cost.

18. **Materials Obtained Outside Discovery**. Nothing in this Protective Order shall impose any restrictions on the use or disclosure by a Party of material obtained independently of discovery in this action, whether or not those materials are also obtained by discovery in this action, or from disclosing a Party's own Confidential Materials as that Party deems appropriate.

19. **Binding Agreement**. The terms and provisions of this Protective Order shall not terminate at the conclusion of this litigation, but rather shall survive the conclusion thereof and shall continue to be binding upon the Parties and their respective counsel, until modified, terminated, or superseded by consent of the Parties or by further order of the Court.

20. **Modification by the Court**. This Protective Order may be modified by the Court upon application by a Party, with notice.

21.     **Agreement to be Bound**.  The Parties hereto agree to be bound by the terms of this Protective Order regardless of when or whether it is entered by the Court.  Any Confidential Materials produced in advance of entry of this Protective Order shall be subject to the terms of this Protective Order and shall be treated in a manner consistent with its terms.

SO ORDERED.

BY THE COURT

this __15th__ day of __October__, 2015.

_____
U.S. District Court Judge

9

#37333256_v1